NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATIONAL AIR TRAFFIC CONTROLLERS ASSOCIATION, AFL-CIO,**
*Petitioner*

**v.**

**FEDERAL AVIATION ADMINISTRATION,**
*Respondent*

---

2024-1748

---

Petition for review of an arbitrator's decision in No. 230711-NATC by Homer C. La Rue.

---

**ON MOTION**

---

Before LOURIE, CUNNINGHAM, and STARK, *Circuit Judges.*

LOURIE, *Circuit Judge.*

**O R D E R**

The National Air Traffic Controllers Association, AFL-CIO ("NATCA") filed this petition from the arbitrator's decision upholding the dismissal of Tyler A. Mack. The Federal Aviation Administration ("FAA") moves to dismiss the

petition.  The union opposes dismissal and moves for leave to join Mr. Mack as a party.

Mr. Mack was hired as an air traffic controller specialist trainee on June 24, 2021.  According to the Notice of Proposed Removal, Mr. Mack was serving a one-year probationary period when the agency removed him on June 9, 2022.  Mr. Mack's union, NATCA, filed a grievance challenging the removal, which led to the union taking the case to arbitration.  On February 26, 2024, the arbitrator issued a decision denying the grievance. On April 24, 2024, NATCA filed a petition at this court seeking review of the arbitrator's final decision.

In *American Federation of Government Employees, Local 1367 v. Department of the Air Force*, 61 F.4th 952 (Fed. Cir. 2023) ("*AFGE*"), we considered whether a union could appeal an arbitrator's decision.  Based on longstanding precedent and statutory interpretation, we explained that "only the employee may appeal the unfavorable arbitration award," and "unions lack standing to initiate an appeal." *Id.* at 955 (citing 5 U.S.C. §§ 7121(f) and § 7703(a)(1)).  We also ruled that the employee could not later be substituted to avoid dismissal.  We explained: "a party may not substitute under Rule 43(b) [of the Federal Rules of Appellate Procedure] when the original party being substituted lacked standing to initiate the appeal." *Id.* at 956.

*AFGE* compels dismissal here.  NATCA cannot file a petition challenging the arbitrator's decision.[1]  And while

---

[1]    NATCA urges the court to find that NATCA can assert the claims of its members because it meets the requirements for associational standing.  But this court has repeatedly rejected this argument.  *See Reid v. Dep't of Com.*, 793 F.2d 277, 279–82 (Fed. Cir. 1986); *see also AFGE Local 3438 v. SSA*, No. 2021-1972, 2022 WL 1653177, at *3 (Fed. Cir. May 25, 2022).

NATCA here has moved to join Mr. Mack, as opposed to substitution, that distinction makes no difference because NATCA was never a proper party to file a petition.[2]

Accordingly,

IT IS ORDERED THAT:

(1)  FAA's motion is granted.  The petition for review is dismissed.

(2)  NATCA's motion is denied.

(3)  Each side shall bear its own costs.

FOR THE COURT

August 22, 2024
Date

Jarrett B. Perlow
Clerk of Court

---

[2]    We cannot construe the union's response and request for joinder of Mr. Mack as a petition for review filed by Mr. Mack.  *See* Fed. R. App. P. 15; Fed. R. App. P. 32(d) ("Every brief, motion, or other paper filed with the court must be signed by the party filing the paper or, if the party is represented, by one of the party's attorneys.").